UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| BOARDWALK GYMNASTICS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | 1:25-CV-00981-SCY-JMR |
| | § | |
| CONTINENTAL WESTERN INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT CONTINENTAL WESTERN INSURANCE COMPANY'S
ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Continental Western Insurance Company ("Defendant") submits the following Answer and Defenses to Plaintiff's Complaint for Breach of Insurance Contract, Violation of the New Mexico Unfair Claim Practices Act, and Bad Faith Actions (the "Complaint") and respectfully shows the Court as follows:

## ANSWER

### PARTIES[1]

1. Defendant admits that Plaintiff is a named insured with respect to an insurance policy for real property located in Valencia County, New Mexico (the "Property").

2. Defendant admits that it is an insurance company engaged in the business of adjusting insurance claims and that policy number 4674171 (the "Policy") is relevant to this lawsuit. Notably, though, claim no. 000000319536 (the "Claim") involved Plaintiff's alleged

---

[1] For ease of reference, Defendant incorporates the same headings used in Plaintiff's Complaint. However, Defendant does not admit any allegations or inferences associated with such headings. To the extent an admission or denial of the headings is required, Defendant hereby denies any allegations or inferences in the headings used by Plaintiff.

losses due to a weather event occurring on June 3, 2018, as Plaintiff indicated to Defendant that it wanted to pursue a claim solely for this specific event. Plaintiff's Complaint, however, bases its claims on an alleged September 1, 2020 weather event in which it did not pursue a claim for. Accordingly, to the extent Plaintiff alleges any wrongdoing in its Complaint on the part of Defendant with respect to a September 1, 2020 weather event, such allegations are denied.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION & VENUE

4. Following Defendant's removal of this action to federal court, Defendant admits that this Court has jurisdiction over this lawsuit and that venue is proper.

5. Defendant denies Plaintiff's allegation that all conditions precedent to recovery have been met or have occurred in this matter.

## AGENCY

6. The allegations in Paragraph 6 of the Complaint state legal conclusions and require no response from Defendant.

## ALLEGATIONS OF PLAINTIFF

7. Defendant admits that this matter revolves around a first-party insurance dispute regarding the extent of damages at the Property due to a weather event. Defendant denies that the alleged weather event is related to Plaintiff's interior water leak damage. Defendant additionally denies that it improperly evaluated Plaintiff's Claim in any way.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff purchased the Policy from Defendant to insure the Property. Defendant is without knowledge or information sufficient to form a belief about the truth

with respect to Plaintiff's ultimate purpose for purchasing the Policy and therefore denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff made timely payments of its insurance premiums. Subject to the applicable terms, limits, and conditions, Defendant acknowledges that the Policy was in effect on September 1, 2020. Defendant, however, again notes that Plaintiff's Claim was related to a June 3, 2018 weather event and not the alleged September 1, 2020 event.

11. Subject to the applicable terms, limits, and conditions, Defendant acknowledges that the Policy was in effect on September 1, 2020. Defendant additionally admits that a weather event occurred on September 1, 2020, which included hail that fell around the Property. However, as previously stated, the Claim involves a weather event occurring on June 3, 2018, not September 1, 2020. Accordingly, to the extent Plaintiff bases the Complaint's allegations on this September 1, 2020 event, such allegations are denied.

12. Defendant admits that a weather event occurring on June 3, 2018 caused damage to Plaintiff's Property. Defendant specifically denies that this event caused interior leak damage at the Property and further denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that a weather event occurred on September 1, 2020. Again, however, Plaintiff's Claim was for a June 3, 2018 weather event. While Defendant admits it found some covered damage at the Property with respect to the June 3, 2018 event, it must deny Plaintiff's remaining allegations in Paragraph 14, as no claim was made for the September 1, 2020 event.

15. Defendant denies that it has unreasonably refused to provide coverage for the full scope of covered damages at the Property. As noted, Plaintiff also previously indicated it was pursuing a claim solely for a separate weather event occurring on June 3, 2018, so Defendant could not have unreasonably refused to provide coverage with respect to the September 1, 2020 event. Defendant further denies that it has improperly handled Plaintiff's Claim in any way.

16. Defendant admits that Plaintiff provided notice of a loss in November 2023. Defendant notes that the water leaking had been ongoing for an extended period of time prior to receiving this loss notice. Additionally, Defendant denies that the interior leaking occurred as a result of any storm created opening to Plaintiff's roof system.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits that the Property sustained covered hail damage to the Property's siding, overhead doors, and gutters. Defendant further admits that coverage for the June 3, 2018 storm event that Plaintiff indicated it was solely pursuing a claim for was limited to a payment for $34,018.63. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint, as the interior water leaks and damage to Plaintiff's roof were not covered under the Policy.

19. Defendant admits it retained KWA Engineering to investigate Plaintiff's Claim for the June 3, 2018 weather event. Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits that hail impacts existed on the Property's roof and elevations and that it classified impacts to the roof as "cosmetic." Defendant also admits that it denied

coverage to the interior water intrusion as it stemmed from lack of maintenance, wear and tear, and/or workmanship issues. Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant admits it had experts investigate Plaintiff's Claim. Defendant denies that these experts found significant damage that was covered by the Policy.

25.     Defendant admits Plaintiff retained a licensed insurance adjuster and that this adjuster came to a different conclusion with respect to the extent of covered damages. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 25 of the Complaint and therefore denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.     Defendant admits that Plaintiff presented reports and findings from its representatives. Defendant denies that these reports established that the Property sustained no less than $521,160.03 in storm related damages.

27.     Defendant denies that Plaintiff's findings established that the water intrusion was caused by roof failure and hail impacts, although it admits that Plaintiff has asserted this to be so. Defendant further denies that Plaintiff has established that such intrusion was not present prior to the September 1, 2020 weather event. In fact, because Plaintiff's Claim solely involved the aforementioned June 3, 2018 weather event, Plaintiff indicated to Defendant that this water intrusion occurred before September 1, 2020.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies each of the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies that it did not properly account for covered damages in this matter. Defendant admits that its coverage determination differs from what Plaintiff has asserted.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant admits that it has intentionally denied coverage for certain parts of Plaintiff's Claim for the June 3, 2018 weather event, as the Policy does not cover all of the alleged damages. Defendant, however, denies the remaining allegations contained in Paragraph 37 of the Complaint.

38. Defendant again admits that it has intentionally denied parts of Plaintiff's Claim, as not all of the alleged damages are covered under the Policy. Defendant denies the remaining allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint. By way of further response, Plaintiff's own Complaint also references reasons Defendant has provided as to why certain parts of the Claim were denied.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint. As represented in its previous correspondence with Plaintiff, Defendant and its representatives in this matter fairly and adequately adjusted the Claim.

41. Because it fairly and promptly adjusted Plaintiff's Claim in good faith, Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies that it adjusted Plaintiff's Claim in bad faith and further denies that Plaintiff was forced to quantify its own damages. Defendant admits that repairs to the Property were recommended but disagrees with Plaintiff with respect to the extent of necessary repairs.

43. Defendant denies that proper payments have not been made regarding the Claim. The remainder of Paragraph 43 states legal conclusions and requires no response from Defendant.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. The allegations contained in Paragraph 46 of the Complaint state legal conclusions and require no response from Defendant.

47. Defendant denies that it has committed any wrongful act or omission in this matter. Defendant acknowledges that Plaintiff has retained counsel to represent it in this lawsuit; however, Defendant denies that Plaintiff was forced to retain counsel since the Claim for the June 3, 2018 event was properly adjusted.

## CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT

48. Defendant incorporates its responses to the foregoing paragraphs as if set forth fully herein. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief in this action and accordingly denies any allegations in Paragraph 48 of the Complaint.

49. Defendant denies that it has the duty to cover alleged damages due to Plaintiff's alleged water leak, as this leak is not covered under the Policy. Defendant further notes that it sufficiently investigated the cause of Plaintiff's leak.

50. Defendant admits that the Property has sustained damages as a result of its leak.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint. By way of further answer, Defendant notes that it has provided coverage for all losses covered under the Policy.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

### COUNT II: UNFAIR INSURANCE CLAIM PRACTICES

54. Defendant incorporates its responses to the foregoing paragraphs as if set forth fully herein. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief in this action and accordingly denies any allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies each of the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

### COUNT III: BAD FAITH

60. Defendant incorporates its responses to the foregoing paragraphs as if set forth fully herein. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief in this action and accordingly denies any allegations contained in Paragraph 60 of the Complaint.

61. The allegations in Paragraph 61 of the Complaint state legal conclusions and require no response from Defendant. However, to the extent statute and/or caselaw fails to support Plaintiff's allegations, such allegations are denied.

62. The allegations in Paragraph 62 of the Complaint state legal conclusions and require no response from Defendant. However, to the extent statute and/or caselaw fails to support Plaintiff's allegations, such allegations are denied.

63. The allegations in Paragraph 63 of the Complaint state legal conclusions and require no response from Defendant. However, to the extent statute and/or caselaw fails to support Plaintiff's allegations, such allegations are denied.

64. The allegations in Paragraph 64 of the Complaint state legal conclusions and require no response from Defendant. However, to the extent statute and/or caselaw fails to support Plaintiff's allegations, such allegations are denied.

65. The allegations in Paragraph 65 of the Complaint state legal conclusions and require no response from Defendant. However, to the extent statute and/or caselaw fails to support Plaintiff's allegations, such allegations are denied.

66. The allegations in Paragraph 66 of the Complaint state legal conclusions and require no response from Defendant. However, to the extent statute and/or caselaw fails to support Plaintiff's allegations, such allegations are denied.

67. Defendant denies it has breached any duty in this matter and therefore denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

## **WAIVER & ESTOPPEL**

76. Defendant incorporates its responses to the foregoing paragraphs as if set forth fully herein. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief in this action and accordingly denies any allegations contained in Paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

## DAMAGES

78. Defendant denies that it has caused Plaintiff to suffer any damages. However, for the purposes of establishing jurisdictional requirements only, Defendant acknowledges that Plaintiff has asserted damages exceeding $75,000.

## ATTORNEYS' FEES

79. Defendant denies the allegations contained in Paragraph 79 of the Complaint.

## JURY DEMAND

80. Defendant admits that Plaintiff has demanded a trial by jury in this matter.

## DENIAL OF CONDITIONS PRECEDENT

81. Defendant specifically denies that Plaintiff has satisfied all conditions precedent to the recovery it seeks in this lawsuit.

## FIRST DENIAL

82. Insurance coverage under Defendant's Policy applies, if at all, only to a loss that occurs during the policy period. To the extent any part of the alleged losses for which Plaintiff seeks recovery did not occur during an applicable policy period, no coverage is provided for such losses.

## SECOND DENIAL

83. Defendant's obligation to pay under the Policy extends, if at all, only to a covered loss to covered property that exceeds the Policy deductible. If there is an obligation to pay, it applies only to the amount of covered loss, if any, that exceeds the deductible.

## THIRD DENIAL

84. Plaintiff's loss is recoverable, if at all, only to the extent provided by the Policy's Loss Payment and Valuation provisions and any other condition, limit, or term regarding the valuation or payment of a covered loss.

## FOURTH DENIAL

85. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not protect the Property from further loss or damage.

## AFFIRMATIVE DEFENSES

86. The following defenses are based on information presently known. Defendant reserves the right to amend this Answer to include additional defenses. By alleging these defenses below, Defendant does not admit that it bears the burden of proof or persuasion as to any issue or element.

## FIRST DEFENSE

87. Plaintiff's claims are barred, in whole or in part, on the basis that the Complaint fails to state a claim against Defendant upon which relief can be granted

## SECOND DEFENSE

88. Plaintiff's claims are subject to and limited by all of the limitations, exclusions, deductibles, and coinsurance provisions set forth in the Policy.

## THIRD DEFENSE

89. Plaintiff's claims are barred, in whole or in part, to the extent any damage was not caused by or resulting from a covered cause of loss.

## FOURTH DEFENSE

90. Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed under the Policy was pre-existing and/or did not occur within the applicable policy period.

## FIFTH DEFENSE

91. Plaintiff's claims are subject to the Policy's Loss Payment and Valuation provisions.

## SIXTH DEFENSE

92.     Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage for which Plaintiff seeks recovery was caused by wear and tear, rust or other corrosion, decay, deterioration, hidden or latent defect, or any quality in property that causes it to damage or destroy itself.

## SEVENTH DEFENSE

93.     Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage for which Plaintiff seeks recovery was caused by settling, cracking, shrinking, or expansion.

## EIGHTH DEFENSE

94.     Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage for which Plaintiff seeks recovery was caused by continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

## NINTH DEFENSE

95.     Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage for which Plaintiff seeks recovery was caused by dampness or dryness of atmosphere; changes in or extremes of temperature; or marring or scratching.

## TENTH DEFENSE

96.     Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage for which Plaintiff seeks recovery was caused by Plaintiff's neglect to use all reasonable means to save and preserve the Property from further damage at and after the time of loss.

## ELEVENTH DEFENSE

97.     Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage for which Plaintiff seeks recovery was caused by faulty, inadequate, or defective planning, zoning,

development, surveying, siting; design, specifications, workmanship repair, construction, renovation, remodeling, grading, compaction; materials used in repair, construction, renovation, or remodeling; or maintenance of part or all of any property on or off the described premises.

### TWELFTH DEFENSE

98. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's Property sustained loss or damage to the interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, or ice, sand or dust, whether driven by wind or not, unless the building or structure first sustained damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, or ice, sand or dust enters.

### THIRTEENTH DEFENSE

99. Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage for which Plaintiff seeks recovery was caused by fungus, wet rot, dry rot, or bacteria.

### FOURTEENTH DEFENSE

100. Plaintiff's claims are barred, in whole or in part, by the Policy's Limitations on Coverage for Roof Surfacing Endorsement, which provides that coverage does not apply to cosmetic damage by wind and/or hail.

### FIFTEENTH DEFENSE

101. Plaintiff's claims for alleged bad faith are barred to the extent Plaintiff did not sustain damages (if any) independent of the denial of benefits under the Policy.

### SIXTEENTH DEFENSE

102. A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Defendant and its employees, agents, representatives, and adjusters are entitled to value claims differently from Defendant's policyholders without facing bad faith or extra-contractual liability. Defendant would show that a bona fide controversy exists regarding the

scope of any alleged covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence to covered property.

### SEVENTEENTH DEFENSE

103. Plaintiff's claim for exemplary damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution for the following reasons: (a) the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures; (b) the highly penal nature of exemplary damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations; and (c) the introduction of evidence of Defendant's financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

### EIGHTEENTH DEFENSE

104. Defendant further reserves the right to assert additional affirmative defenses as this litigation proceeds.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Continental Western Insurance Company prays that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all costs be taxed against Plaintiff; and (c) for such other and further relief to which Defendant may be justly entitled, whether at law or in equity.

Respectfully submitted,

SAUCEDO HARRIGAN APODACA
GRIESMEYER APODACA PC

By: */s/ Daniel C. Apodaca*
Daniel C. Apodaca
800 Lomas Blvd. NW, Suite 200
Albuquerque, NM 87102
(505) 338-3945
daniel@shalawnm.com

and

ZELLE LLP
Todd M. Tippett (*Pro Hac Vice Pending*)
Texas State Bar No. 24046977
Andrew M. Hilgenkamp *(Pro Hac Vice Pending)*
Texas State Bar No. 24138124
901 Main Street, Suite 4000
(214) 742-3000
ttippett@zellelaw.com
ahilgenkamp@zellelaw.com

**ATTORNEYS FOR DEFENDANT CONTINENTAL WESTERN INSURANCE COMPANY**

I HEREBY CERTIFY that on October 8, 2025, the foregoing was filed electronically through the CM/ECF system, which caused all parties and counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Daniel C. Apodaca*
Daniel C. Apodaca